# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS W. FOSTER,
          Appellant,

          v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
SF-0752-18-0039-X-1

DATE: May 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Melissa A. Dunkley, Pamela J. Campbell, and Stephen Geringer, Esquire, Joint Base Lewis-McChord, Washington, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1       On October 12, 2018, the appellant filed a petition for enforcement of the administrative judge's June 4, 2018 initial decision, which became the Board's final order on July 9, 2018, when neither party filed a petition for review. *Foster v. Department of the Army*, MSPB Docket No. SF-0752-18-0039-C-1, Compliance File (CF), Tab 1; *Foster v. Department of the Army*, MSPB Docket No. SF-0752-18-0039-I-1, Initial Appeal File, Tab 28, Initial Decision. On January 7, 2020, the administrative judge issued a compliance initial decision finding the agency in compliance and denying the appellant's petition for enforcement. CF, Tab 31, Compliance Initial Decision. The appellant appealed that decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which issued a decision on October 15, 2020, affirming the compliance initial decision in part and reversing it in part. *Foster v. Department of the Army*, MSPB Docket No. SF-0752-18-0039-M-1, Remand File (RF), Tab 1. In a February 17, 2021 remand compliance initial decision, the administrative judge found the agency in noncompliance with the Board's final decision and granted the appellant's petition for enforcement. RF, Tab 11, Remand Compliance Initial Decision (RCID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2       The Federal Circuit found that the agency had not properly calculated payment for the appellant's uniform allowance. RF, Tab 1 at 9. Accordingly, on remand from the court, the administrative judge granted the appellant's petition for enforcement in part, finding that the agency had not restored him to the status quo ante, in that it had not properly restored his uniform allowance. RCID at 6. Specifically, the administrative judge ordered the agency to pay the appellant a uniform allowance of $1,600. *Id*. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. As

such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance. *Foster v. Department of the Army*, MSPB Docket No. SF-0752-18-0039-X-1, Compliance Referral File (CRF), Tab 1.

¶3 The Clerk of the Board issued an acknowledgment order on March 26, 2021, directing the agency to submit a statement and evidence that it had taken the actions identified in the remand compliance initial decision within 15 calendar days. CRF, Tab 1 at 1. The order also directed the appellant to file a response to the agency's evidence of compliance within 20 calendar days after the agency's evidence was submitted. *Id.* at 3. The order informed the appellant that, if he did not submit a response to the agency's evidence of compliance, the Board may assume he was satisfied and dismiss the petition for enforcement. *Id.*

¶4 The agency submitted a statement on March 29, 2021, which detailed its attempts to communicate with the appellant's representative in order to obtain the documents needed to process the uniform allowance payment. CRF, Tab 2 at 4-5. The agency stated that the representative did not immediately supply the necessary documentation. *Id.* The agency averred that, once it received the documents from the appellant's representative, it forwarded them to the Defense Finance and Accounting Service, which is the entity responsible for issuing the payment. *Id.* at 5. The agency stated that it required additional time to complete the payment due to the appellant's representative's delay in responding to its request for the documentation. *Id.* at 5-6.

¶5 The appellant filed a reply and request for sanctions on April 15, 2021, alleging that the agency had not timely filed a compliance pleading and had not paid the required interest on the uniform allowance. CRF, Tab 4. The appellant requested sanctions against the agency for these alleged actions. *Id.* at 7-8.

¶6 The agency filed a response on April 21, 2021, stating that the lump sum uniform allowance payment of $1,600 was received by the appellant on April 21,

2021, and that the interest would be paid in a separate payment. CRF, Tab 5 at 4, 7. The agency submitted another response on May 13, 2021, which stated that payment of the allowance and interest was complete. CRF, Tab 6. The agency attached a declaration and documentation indicating that, in addition to the $1,600 lump sum payment on April 21, 2021, the appellant received an interest payment of $236.08 on April 24, 2021. *Id.* at 4, 6-9. The appellant did not respond to these agency submissions.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

We find that the agency has submitted sufficient evidence to establish its compliance with the Board's order. The agency submitted declarations and accompanying documentation indicating that two payments were made to the appellant: a payment of $1,600 for the uniform allowance and a payment of $236.08 for interest. CRF, Tabs 5-6. The appellant did not respond to these submissions, despite being informed by the acknowledgment order that a failure to respond could lead to dismissal of his petition for enforcement.

¶9 We deny the appellant's request for sanctions, finding that the agency submitted a response within the time period required by the acknowledgment order and has now fully complied with Board's final decision.

¶10 In light of the agency's evidence of compliance, and the appellant's failure to respond, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.